# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 18-633V
(Unpublished)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

THOMAS D. TAYLOR,

    Petitioner,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

    Respondent.

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Special Master Katherine E. Oler

Filed: June 11, 2020

Petitioner's Motion for a Decision;
Dismissal of Petition; Vaccine Act.

*Amy A. Senerth*, Muller Brazil, LLP, Dresher, PA, for Petitioner
*Linda S. Renzi*, U.S. Dep't of Justice, Washington, DC, for Respondent

## DECISION DISMISSING CASE FOR INSUFFICIENT PROOF[1]

  On May 3, 2018, Thomas Taylor ("Petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program,[2] alleging that he suffered from Shoulder Injury Related to Vaccine Administration (SIRVA) following the influenza vaccination he received on November 3, 2016.  Pet., ECF No. 1.  Petitioner filed a statement of completion on May 4, 2018.  ECF No. 4.

  Petitioner filed several medical records and physical therapy records in support of his claim.  Exs. 2, 3, 4, 5, 6, 7, 8, and 11.  Petitioner filed an affidavit and a supplemental affidavit.  Exs. 9 and 10.  Petitioner also filed two expert reports in support of his case.  Exs. 12 and 14.

---

[1] Although this Decision has been formally designated "not to be published," it will nevertheless be posted on the Court of Federal Claims' website in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). **This means the Decision will be available to anyone with access to the internet**. As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the Decision in its present form will be available. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

On April 4, 2019, Respondent filed his Rule 4(c) report, indicating he believed that this case was "not appropriate for compensation under the terms of the Act." Resp.'s Rep. at 1, ECF No. 17. Respondent argued that the medical record did not support an onset of pain within 48 hours of vaccination, as required in order to meet the definition of a Table injury for SIRVA. *Id.* at 5-6. Respondent filed one expert report. Ex. A, ECF No. 28.

On January 31, 2020, I held a status conference. The parties disagreed on when the onset of Petitioner's injury occurred. *See* Order of January 31, 2020, ECF No. 31. I offered to either (1) make a preliminary determination regarding onset, or (2) rule on the record regarding onset. *Id.* The parties agreed that they would confer and submit a joint status report choosing an option within thirty days. *Id.*

On March 31, 2020, the parties filed a joint status report indicating that they had conferred and would like to request a preliminary determination of onset in a Rule 5 conference. Status Report of March 31, 2020, ECF No. 32. Accordingly, I held a Rule 5 conference on April 3, 2020. I made a preliminary determination that onset of Petitioner's left should pain began at the soonest in December 2016. Order of April 6, 2020, ECF No. 33. Accordingly, I ordered Petitioner to file a status report by May 6, 2020, indicating how he would like to proceed in light of this order. *Id.* On May 7, 2020, Petitioner filed a status report indicating that he planned to dismiss his case. ECF No. 34.

Petitioner filed a motion to dismiss on June 11, 2020, indicating that in these circumstances, "to proceed further would be unreasonable and would waste the resources of the Court, the Respondent, and the Vaccine Program." Pet'r's Mot., ECF No. 37 at 1. Petitioner further indicated that he "understands that a decision by the Special Master dismissing his petition will result in a judgment against him" and that he "has been advised that such a judgment will end all … rights in the vaccine program." *Id.* at 1-2.

To receive compensation under the Vaccine Program, a petitioner must prove either (1) that he suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to his vaccination, or (2) that he suffered an injury that was actually caused by a vaccine. *See* §§ 13(a)(1)(A) and 11(c)(1). Moreover, under the Vaccine Act, a petitioner may not receive a Vaccine Program award based solely on his claims alone. Rather, the petition must be supported by either medical records or by the opinion of a competent medical expert. § 13(a)(1). In this case, however, there is insufficient evidence in the record for Petitioner to meet his burden of proof. Petitioner's claim therefore cannot succeed and, in accordance with his motion, must be dismissed. § 11(c)(1)(A).

**Thus, this case is DISMISSED for insufficient proof. The Clerk shall enter judgment accordingly.**

 **IT IS SO ORDERED.**

**s/ Katherine E. Oler**
Katherine E. Oler
Special Master

2